# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 9, 2011

Lyle W. Cayce
Clerk

No. 11-60117
Summary Calendar

YIN QING HE,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 726 763

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Yin Qing He (He), a citizen and native of the People's Republic of China, petitions this court for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal from the immigration judge's (IJ) order denying his application for asylum, withholding of removal, and withholding of removal under the Convention Against Torture (CAT) and final order of removal. We review the order of the BIA, and we review the order of the IJ only to the extent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that it impacted the BIA's decision. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

He argues that the totality of the circumstances does not support the adverse credibility finding made by the IJ and the BIA because the inconsistencies found by the IJ and BIA were minor or unsupported by the record. He specifically challenges the discrepancies found by the IJ and BIA regarding the number of friends that accompanied him to the family planning office to protest the alleged forced abortion performed on his wife and the date on which he learned that an abortion had been performed. He further challenges the finding that his testimony regarding the time line of events on October 17, 2006, was implausible, and the IJ's and BIA's reliance on the claim of Fujian Province that no forced abortions had been performed there in the past 10 years. He argues that without the adverse credibility finding, he established past persecution and a well founded fear of persecution sufficient for the granting of relief from removal.

The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005), amended the standards for assessing credibility and applies to applications, like He's, filed after May 11, 2005, the Act's effective date. *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009). Under the new standards, the BIA or "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Id.* at 538-39 (internal quotation marks omitted) (adopting and quoting *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* at 538 (internal quotation marks and citation omitted).

He's contention that the discrepancy regarding the number of friends who accompanied him to the family planning office was minor is without merit as the

No. 11-60117

IJ and BIA were entitled to rely on any inconsistency, whether major or minor, in making their credibility determinations. *See id.* at 538-39. We must defer to the determination of the IJ and BIA that He's testimony was inconsistent regarding the number of friends who accompanied him to the family planning office and the date on which he learned that an abortion was performed on his wife because the evidence in the record does not compel a finding to the contrary. *See id.* at 537. Likewise, we must defer to the factual finding of the IJ and BIA that He's testimony regarding the time line of events on October 17, 2006, was implausible because the evidence does not compel a contrary finding. *See id.*

Based upon the two inconsistencies and one implausibility found by the IJ and BIA that are supported by the record, as well as other inconsistencies in the record such as He testifying that he was an only child and then testifying that he had a younger sister, the totality of the circumstances do not compel a finding that He was credible, and we must, therefore, accept the credibility determination of the IJ and BIA. *See id.* at 538-39. As He has not shown that he produced credible evidence of past persecution or a well founded fear of future persecution, he has not shown that he was entitled to asylum. *See Zhang v. Gonzales*, 432 F.3d 339, 345 (5th Cir. 2005). As He cannot meet the requirements for asylum, he cannot meet the more stringent requirements for withholding of removal. *See Eduard v. Ashcroft*, 379 F.3d 182, 186 n.2 (5th Cir. 2004). As He has not challenged the IJ's and BIA's denial of his request for withholding of removal under the CAT, any such challenge is abandoned. *See Rodriguez v. INS*, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

PETITION FOR REVIEW DENIED.