# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 11-60505
Summary Calendar

May 4, 2012

Lyle W. Cayce
Clerk

ZEN YAO LIN, also known as Zhen Yao Lin,

Petitioner

v.

ERIC H. HOLDER, JR. U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 357 089

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Zen Yao Lin petitions for review of the Board of Immigration Appeals'
(BIA) dismissing:  his appeal from the Immigration Judge's (IJ) denying his
applications for asylum, withholding of removal, and relief under the Convention
Against Torture (CAT); and, his motion to remand (construed as a motion to
reopen) his administrative proceeding for consideration of a new application
based on facts arising after the IJ's decision.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-60505

Lin's initial application alleged attempts by Chinese authorities to apply coercive population-control policies to him and his wife, to whom he was not then married when family-planning officials attempted to coerce her into having an abortion. The IJ's denying relief was based largely on its finding Lin not credible, which finding the BIA adopted. Both the IJ and BIA decisions are subject to review. *E.g.*, *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).

Lin contends the BIA erred by affirming the IJ's determination that he was not credible. He maintains: inconsistencies in his accounts are minor and do not go to the heart of his claims; and the IJ's finding that his demeanor rendered him non-credible is unsupported by the record.

An immigration court's legal conclusions are reviewed *de novo*; its findings of fact, for substantial evidentiary support. *E.g.*, *Zhu*, 493 F.3d at 594. Among those findings is an immigration court's determination that an applicant is not credible. *E.g.*, *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). Our court will defer to an immigration court's credibility determination "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling". *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks omitted).

Lin stated in his application that he left China on 2 September 2007 and entered the United States from Mexico. He testified at the merits hearing that he left his hometown on 2 September, made his way to Hong Kong, and then left China on 10 September. He further testified that he entered the United States from Canada aboard a freight train on 15 September. (The Notice to Appear alleged Lin entered the United States at Buffalo, New York, on 15 September.)

In the application, Lin stated that his wife was taken for a coerced abortion in September 2004, but at the hearing he testified that this episode occurred in October 2004. He testified that he was present and that he was beaten and warned by family-planning officials.

2

Lin also stated in the application that he left his home after the authorities threatened to "confiscate" it.  At the hearing, he testified that the authorities "tore" the home, suggesting a physical act against the property beyond a mere threat.

Lin alleged both he and his wife were targeted for compulsory sterilization, yet his wife remained unmolested after he left China.  He testified that he spoke with his wife every day, yet he did not know her address.  He also testified that he was unsure about when in 2006 his wife became pregnant for a second time, as he was escaping at the time.

This evidence does not compel a conclusion that no reasonable factfinder could have found Lin non-credible.  *E.g.*, *Wang*, 569 F.3d at 538.  Moreover, it is irrelevant whether the credibility determination went to the heart of Lin's claims.  8 U.S.C. § 1158(b)(1)(B)(iii) (factors trier of fact may consider).  And, the IJ's finding that Lin was occasionally vague and evasive is supported by substantial evidence.  *E.g.*, *Wang*, 569 F.3d at 539-40.

Lin's motion for remand was based largely on his Falun Gong practice and activities (begun after denial of his initial application), but he also presented evidence relevant to his claim based on Chinese population-control policies.  Denial of that motion is reviewed for abuse of discretion.  *E.g.*, *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Lin contends the BIA abused its discretion by:  relying, for purposes of the Falun Gong claim, on the IJ's credibility determination as to the population-control claim; rejecting as unauthenticated a letter purportedly from a Chinese village government; relying on the silence of the State Department's profile as to the Chinese government's pursuit of Falun Gong practitioners in the United States; and rejecting the letters from his father and wife, as those could not have been presented to the IJ because they addressed his Falun Gong practice.

With the exception of his contention about his family's letters, Lin did not raise any of these contentions in his motion for remand.  Nor did he file a motion

for reconsideration of the BIA's decision. Thus, he has failed to exhaust administrative remedies as to those contentions, and our court lacks jurisdiction to consider them. *E.g.*, *Omari v. Holder,* 562 F.3d 314, 320 (5th Cir. 2009).

As for Lin's contention that the letters from his father and wife were unavailable at the time of the IJ hearing, the BIA determined that Lin failed to demonstrate that, to the extent they addressed China's coercive population-control policies, he could not have obtained them earlier. With respect to the letters regarding Lin's involvement in Falun Gong, the BIA determined that they were entitled to little weight because the father and wife were interested witnesses who were not subject to cross-examination. Lin failed to brief those issues and, consequently, has waived them. Fed. R. App. P. 28(a)(9)(A).

DENIED IN PART; DISMISSED IN PART.