# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 18, 2012

No. 11-60578
Summary Calendar

Lyle W. Cayce
Clerk

XIA LIN,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 938 809

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.
PER CURIAM:[*]

Xia Lin, a native and citizen of China, petitions for review of the denial of her applications for asylum and withholding of removal. She argues that the adverse credibility determination of the Immigration Judge (IJ) and the Board of Immigration Appeals (BIA) was clearly erroneous; the inconsistency concerning her birthplace was because when a woman marries in China, she becomes part of her husband's household; she had difficulty explaining herself because she had only two years of elementary school education and is illiterate;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

she was confused and defensive because of the way she was being questioned; and she did not know what information was required in the asylum application. She contends that the inconsistencies were not substantial and cannot be used as the sole basis for an adverse credibility determination. She argues that the IJ based the adverse credibility finding on her personal opinion of Lin, rather than record evidence.[1]

Lin has not shown that based on the totality of the circumstances, "it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted). Under the REAL ID Act, the IJ may consider any inconsistency or omission, whether major or minor, in determining whether an applicant is credible if the totality of the circumstances establish that the applicant is not credible. *See id.* at 538-39. Lin argues that the IJ erred in basing the decision in part on her demeanor. However, this court may not substitute its judgment for that of the BIA and IJ concerning Lin's demeanor. *See id.* at 537-38.

The IJ's adverse credibility determination was not based on her personal opinion of Lin, but rather was supported by substantial record evidence, including Lin's hesitant, confused, and nonresponsive demeanor when questioned by the Department of Homeland Security and the court, as well as numerous inconsistencies within her testimony and between her testimony and the documentary evidence, her failure to explain the inconsistencies, and omissions from her asylum application. The IJ found Lin's testimony concerning the following was inconsistent (1) her birthplace; (2) the date on which her marriage was registered; (3) how she obtained her second child's birth certificate;

---

[1] Lin has failed to brief the determination by the IJ and the BIA that she was not entitled to relief under the Convention Against Torture. Therefore, she has abandoned any challenge to this ruling. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

No. 11-60578

(4) where she lived after her second child was born; (5) her omission of her sisters' sterilization from her asylum application; (6) her failure to submit the original birth certificates of her children, which were available; and (7) the authenticity of the household registry.  In view of these inconsistencies and omissions, the evidence does not suggest that "no reasonable fact-finder could make such an adverse credibility ruling" and thus does not compel a conclusion that Lin's testimony was credible.  *See Wang*, 569 F.3d at 538; *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005).

PETITION DENIED.