# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2013

No. 12-60475
Summary Calendar

Lyle W. Cayce
Clerk

WEI LIN,

Petitioner

v.

ERIC H. HOLDER, JR.; U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 113 979

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Wei Lin, a native and citizen of China, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) and the Immigration Judge (IJ) denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Lin argues that the BIA and IJ's adverse credibility findings are not substantiated because the inconsistencies were minor and were not supported by the record. Lin asserts that the inconsistencies between his initial interview and his testimony were due to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nervousness, feeling faint, and having very little to eat.  He maintains that his testimony did not contradict his statements in his credible fear interview concerning the contents of the pamphlets he distributed.  Lin asserts that the determination that he was unable to identify his religion was unreasonable because the record evidence made it obvious that he was a Christian, and he never claimed to follow any other religion.  He further contends that the inconsistency regarding whether he was married was tangential and should have been given very little weight because he explained that he and his wife were divorced and that he had no contact with his former wife.

Under the REAL ID Act of 2005, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted) (emphasis in original). Credibility determinations are entitled to deference "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Id.* (internal quotation marks and citation omitted).

Substantial evidence supports the adverse credibility determination made by the IJ and BIA.  *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). The IJ and BIA noted that the most striking inconsistency was that Lin stated during his initial interview that he was afraid of being abducted and blackmailed by the Chinese mafia; however, he later stated in his asylum application that he was afraid of persecution due to his Christian religion.  He did not explain this inconsistency, except to say that he mentioned the Chinese mafia because he was nervous. When asked to name his religion at the hearing, Lin was unable to do so; he also failed to provide any details concerning his church in China.  There were also numerous other inconsistencies between Lin's asylum application, his testimony, and various other evidence that he submitted, concerning the date he joined the church, the content of the pamphlets he

distributed, and the length of time that he distributed the pamphlets. Lin's asylum application and one house registry stated that he was single; however, another house registry dated just four days later stated that Lin was married, and Lin testified that he had been married. He hesitated before responding to basic questions concerning his wife, including when they got married, where she was from, what her full name was, whether they were divorced, and where she was currently living. The IJ also observed that Lin's demeanor at the hearing indicated that he was not a credible witness and that Lin actually appeared to laugh several times during his testimony. The IJ was in a unique position to assess credibility because the IJ was able to observe Lin's demeanor and the general believability of Lin's story at the hearing. *See Wang*, 569 F.3d at 540. Further, under the Real ID Act, the IJ was entitled to rely on any inconsistency in determining credibility. *See Wang,* 569 F.3d at 538-39.

Given the totality of the circumstances, including the discrepancies between Lin's initial interview, his applications, oral testimony, and letters he submitted as well as his demeanor, it is not "plain that no reasonable fact-finder could make . . . an adverse credibility ruling." *See id.* at 538 (internal quotation marks and citation omitted). Accordingly, we defer to the credibility findings of the IJ and BIA. *See id.* The petition for review is therefore DENIED.