# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2014

Lyle W. Cayce
Clerk

No. 13-60461
Summary Calendar

GUISSELA CORDERO-GONZALES,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 959 641

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Guissela Cordero-Gonzales (Cordero) petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of the Immigration Judge's (IJ) denial of her application for asylum and withholding of removal, asserting that she was persecuted in Peru on account of her sexual orientation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60461

The IJ determined that Cordero was not credible and denied all relief. The BIA affirmed the adverse credibility determination and dismissed the appeal.

Cordero explicitly waives relief under the Convention Against Torture, and she has abandoned any challenge to the withholding of removal by failing to address the issue in her brief. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Cordero notes the immigration courts' finding that her testimony that she suffered persecution in Peru was not credible and argues that whether she suffered past persecution is irrelevant because she has shown that she is gay and that there is a pattern or practice of persecution in Peru against homosexuals. She contends that the BIA nevertheless erred when it affirmed the IJ's credibility determination. We review the credibility finding for substantial evidence. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012); *Wang v. Holder*, 569 F.3d 531, 538-40 (5th Cir. 2009).

Cordero's testimony on the essential issue whether the Peruvian police failed to protect her from her abusive former partner because of her sexual orientation is inconsistent. Namely, the police report of January 6, 2007, did not reference the death threat to which Cordero testified; nor did the January 13, 2007, police report match Cordero's rendition of the facts surrounding the incident in the jewelry store. Further, the "guarantee" document fails to mention Cordero's former partner, and that Cordero was able to obtain the document at all belies her assertion that the police would not protect her. Notably, Cordero did not seek asylum when she came to United States in 2008, though she testified that the physical and sexual abuse by her former partner and the problems with the police began before that. Moreover, she returned to Peru in 2008, believing that her former partner had the capacity to find her

2

regardless where she lived.  Last, in her interview with the Border Patrol agents, Cordero did not express a fear of returning to Peru.  In light of such a record, Cordero fails to meet her burden of showing that the evidence compels a finding that she was credible.  *See Orellana-Monson*, 685 F.3d at 518; *Wang*, 569 F.3d at 538-40.

Absent a showing that she suffered past persecution, to be entitled to asylum, Cordero was required to present detailed facts that showed a good reason to fear that she would be singled out for persecution, or alternatively, that there is a pattern or practice in Peru of persecuting lesbians, such that her fear of returning there was reasonable.  *See Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005).  Cordero argues that the IJ applied an erroneous legal standard when it required her to prove that she would be singled out for persecution and that she demonstrated an objective fear of future persecution by demonstrating a pattern or practice of persecution against homosexuals in Peru.

The IJ ultimately determined that whether Cordero had a well-founded fear of future persecution need not be reached because the Government had demonstrated that she could relocate in Peru to avoid future persecution.  An applicant does not have a well-founded fear of persecution if she could avoid persecution by relocating to another part of her country and "under all the circumstances it would be reasonable to expect the applicant to do so." *Eduard v. Ashcroft*, 379 F.3d 182, (5th Cir. 2004) (internal quotation marks and citation omitted); *see* 8 C.F.R. § 1208.13(b)(3)).  Because Cordero failed to show past persecution and failed to demonstrate that a national government is the persecutor, she has the burden of showing that the persecution is not geographically limited in such a way that relocation within the applicant's

No. 13-60461

country of origin would be unreasonable. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir. 2001); *see* 8 C.F.R. § 1208.13(b)(3)(i).

While Cordero's testimony and documents might support a finding that she has a well-founded fear of future persecution because she cannot safely relocate, the evidence does not compel such a finding, particularly in light of the inconsistences in the record and her own lack of credibility. *See, e.g., Yin Qing He v. Holder*, 449 F. App'x 367, 369 (5th Cir. 2011). Accordingly, Cordero fails to satisfy the highly deferential substantial evidence test. *See Orellana-Monson*, 685 F.3d at 518; *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); *see* 8 U.S.C. § 1158(b)(1)(B).

The petition is DENIED.